IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
ELKINS

**DONTRELL JEROME HILL**,

    **Petitioner,**

v.                                          Criminal Action No.: 2:02CR25
                                          Civil Action No.: 2:14CV40
                                          (Judge Bailey)

**UNITED STATES OF AMERICA,**

    **Respondent.**

## REPORT AND RECOMMENDATION/OPINION

### I. INTRODUCTION

On May 29, 2014, Dontrell Jerome Hill ("the Petitioner"), proceeding *pro se*, filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("Motion"). [Civil Action No. 2:14CV40, ECF No. 1; Criminal Action No. 2:02CR25, ECF No. 69].[1] That same day, the Clerk of the Court mailed the Petitioner a Notice of Deficient Pleading, which informed him he had twenty-one (21) days to correct his Motion by filing it on the correct form as per Local Rule of Prisoner Litigation Procedure 3.4. [ECF No. 73]. The Petitioner filed his correct form "(Court-Approved Motion") on August 19, 2015. [ECF No. 85], after requesting an extension of time to file it by letter [ECF No. 84] dated August 14, 2014.

The undersigned now issues this Report and Recommendation on the Petitioner's Motion without holding an evidentiary hearing. For the reasons stated below, the undersigned recommends that the District Judge deny and dismiss the

---

[1] From this point forward, unless otherwise noted, all ECF numbers refer to filings in Criminal Action No. 2:02CR25.

Petitioner's Motion [ECF NO. 69] under 28 U.S.C. §2255 and deny the Petitioner's Motion [ECF No. 84] to Extend Time as MOOT.

## II. FACTS

### A. Conviction and Sentence

The Petitioner, was charged as the sole defendant in a six count superseding indictment on February 24, 2003 [ECF No. 13]. On August 21, 2003, the Petitioner entered a plea of guilty to Count 3 of the Superseding Indictment charging him with distribution of cocaine base [ECF No. 23]. The Petitioner's plea agreement stipulated that the applicable relevant conduct was at least 50 grams but less than 150 grams of cocaine base [ECF No. 22]. The plea agreement also contained a waiver of the right to appeal his sentence or to challenge his sentence or the manner in which it was determined in any collateral attack, including but not limited to, a motion brought under 28 U.S.C. § 2255, if the Petitioner was sentenced to a sentence commensurate with guideline level 29 or less. The original sentencing judge[1] found that the Petitioner's relevant conduct established a base offense level of 32. The Court also found that the Petitioner was a career offender, providing an offense level of 32. From level 32, three levels for acceptance of responsibility were deducted, for a total offense level of 29. With a criminal history category of VI, the guidelines provided a sentencing range of 151-188 months. The sentencing Judge sentenced the Petitioner to a term of 188 months incarceration. [ECF No. 40].

### B. Direct Appeal

The Petitioner did not appeal to the United States Court of Appeals for the Fourth

---

[1] The original sentencing judge was the Honorable Robert E. Maxwell, who presided over this case until his death. The Honorable John Preston Bailey assumed responsibility for the case in 2012. [ECF No. 52].

Circuit.

*C. Federal Habeas Corpus and Post Conviction Proceedings.*

On June 16, 2008, the Petitioner filed a Motion under 28 U.S.C. § 3582(c) [ECF No. 45], seeking a reduction under the 2007 guideline amendments. The Court, finding that the offense level for a career offender did not change, denied the Motion by Order entered October 15, 2009 [ECF No. 48].

On March 5, 2012, the Petitioner filed a motion under Federal Rule of Civil Procedure 60(b)(6) seeking an order setting aside the his sentence entered on February 6, 2004 [ECF No. 51], based upon United States v. Simmons, 635 F.3d 140 (4th Cir. 2011). This Court denied the motion by Order entered on August 24, 2012, finding that the decisions in Carachuri-Rosendo v. Holder, 560 U.S. 563 (2010) and United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc) were not retroactive to cases on collateral attack per United States v. Powell, 691 F.3d 554 (4th Cir. 2012) [Doc. 52].

On October 16, 2013, the Petitioner filed a *pro se* Motion for Reconsideration of 60(b)(6) based on the Retroactive Application of U.S. v. Simmons, 649 F.3d 237 (4th Cir.2011) [Doc. 54]. In his Motion, the Petitioner argued that this Court should reconsider its prior Order inasmuch as the Fourth Circuit held that Simmons is retroactive in Miller v. United States, __ F.3d__, 2013 WL 4441547 (4th Cir. August 21, 2013). Among the reasons District Judge Bailey denied the motion for reconsideration are: (1) the Petitioner filed it as a 60(b) motion under the Federal Rules of Civil Procedure and this is a criminal case; (2) even if the motion had been filed correctly as a motion to vacate under 28 U.S.C. § 2255, the Petitioner waived his right to

3

collaterally attack his sentence in his plea agreement and during his plea hearing (3) a motion under 28 U.S.C. § 2255 was untimely and (4) the cases upon which the Petitioner rested his Motion, Simmons and Miller, are not decisions of the United States Supreme Court. Furthermore, Carachuri has not been held to be retroactive to cases on collateral review. See United States v. Powell, 691 F.3d 554, 560-61 (4th Cir. 2012) and Miller, at *2.

On May 29, 2014, the Petitioner filed what could be considered a second Motion [ECF No. 69] to Vacate under 28 U.S.C. § 2255 but for purposes of this Report and Recommendation will be treated as his first. In his Court-Approved Motion [ECF No. 85], Petitioner raises the following claims:

1. Erroneous application of USSG §4b.1 career offender status
2. The rulings in "Simmons" and "Miller" require retroactivity to this case.
3. The mere fact that he was properly convicted does not mean that he was properly sentenced.
4. His Motion for Reconsideration is still pending but attaches the Order Denying the Motion. ECF No. 85, Attachment 3.
5. Regarding timeliness, he asserts that he filed his motion under 28 U.S.C. 2255 as soon as the facts supporting his claim were made available through due diligence.

[ECF No. 85 at 9-19, Attachment 1].

*D. Recommendation*

Based upon review of the record, the undersigned recommends that the Petitioner's Motion be denied and dismissed from the docket because it is untimely.

## III. ANALYSIS

As noted above and in District Judge Bailey's Order [ECF No. 56], the Petitioner waived his right to challenge his sentence or the manner in which it was determined in any collateral attack, including but not limited to, a motion brought under

4

28 U.S.C. § 2255, if sentenced commensurate with guideline level 29. The Petitioner was sentenced consistent with level 29; therefore, he has waived his right to collaterally attack his sentence.

Regardless of this waiver, his Motion under U.S.C. § 2255 is untimely. Under 28 U.S.C. § 2255(f), a one year limitation applies to motions brought under that section. This one year period runs from the latest of the following:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1-4).

Inasmuch as the Petitioner was sentenced on February 6, 2004, and did not appeal to the Fourth Circuit, the one year period has long passed. [ECF No. 40] Although AEDPA does not define when a judgment of conviction becomes final, the Fourth Circuit has determined that a conviction is final on the date upon which Petitioner fails to pursue further direct appellate review. See Id. at 142 (citing United States v. Torres, 211 F.3d 836, 838 (4th Cir. 2000)). The Petitioner's judgment order was entered on February 6, 2004. [ECF. No. 40]. Petitioner declined to pursue an appeal, therefore his conviction became "final" for the purposes of § 2255(f)(1) on

5

February 20, 2004, fourteen days after the judgment of conviction. See Clay v. United States, 537 U.S. 522 (2003). Petitioner had one year, or until February 20, 2005, to file a timely § 2255 Motion. However, he did not file his Motion until March 5, 2012[2], more than seven (7) years after the one year statute of limitations.

"When a federal habeas court, prior to trial, perceives a *pro se* § 2255 petition to be untimely and the Government has not filed a motion to dismiss based on the one-year limitations period, the court must warn the prisoner that the case is subject to dismissal pursuant to § 2244(d) absent a sufficient explanation that it is timely based on equitable tolling principles or any of the circumstances enumerated in § 2255(f)." Hill v. Braxton, 277 F.3d 701, 707 (4th Cir. 2002); *U.S. v. Sosa*, 364 F.3d 507 (4th Cir. 2004). Accordingly, Petitioner is hereby notified that his section 2255 action will be dismissed as untimely, unless he can demonstrate within the objection period described below, that his petition can be salvaged by § 2255(f)(3) or the principle of equitable tolling.

## V. RECOMMENDATION

Based upon review of the record, the undersigned recommends that the Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody **[Civil Action No. 2:14CV40, ECF No. 1; Criminal Action No. 2:02CR25, ECF No. 69]** be **DENIED** and **DISMISSED** because the Petitioner's motion is untimely. Further, the undersigned recommends that the Petitioner's Motion **[ECF No. 84]** for Extension of Time to File be **DENIED** as **MOOT**.

---

[2] This is the date the Petitioner filed his Motion to Alter/Relief from Judgment, which Judge Bailey denied on August 24, 2012 and again on November 12, 2013. The Court is giving the Petitioner the benefit of the earliest date this was brought to the courts attention and even then it was untimely as is noted in Judge Bailey's Order [ECF No. 50]

Within **fourteen (14) days** after being served with a copy of this Report and Recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objections are made and the basis for such objections.  A copy of any objections shall also be submitted to the Honorable John Preston Bailey, United States District Judge.  Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation.  28 U.S.C. § 636(b)(1); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984); *cert denied*, 467 U.S. 1208 (1984).

The Court directs the Clerk of the Court to provide a copy of this Report and Recommendation to the *pro se* Petitioner, Dontrell Hill, by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED: 2-23-2016

_____
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE